# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0593V
### UNPUBLISHED

| | |
|---|---|
| ANGELA KALAIL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 8, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus-Diphtheria-<br>Acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA). |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On May 12, 2020, Angela Kalail filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine received in her right deltoid on October 31, 2018, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 4, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner's claim meets the Table criteria for SIRVA. Respondent's Rule 4(c) Report at 6 (citing 42 C.F.R. § 100.3 (a), (c)(10)). Therefore, Petitioner is entitled to a presumption of vaccine causation.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent adds: "Although Petitioner also received a non-covered vaccine (Pneumovax) in her right deltoid contemporaneously with her covered Tdap vaccine, Respondent believes the record insufficient to establish by preponderant evidence that her injury was in fact caused by the non-covered vaccine. Accordingly, the evidence in this case does not overcome the Table presumption of causation with regard to Petitioner's Tdap vaccination." *Id.* at 6 (citing Section 13(a)(1)(B)).

With regard to other statutory and jurisdictional issues, Respondent agrees that the records show that the case was timely filed, that the covered vaccine was received in the United States, and that Petitioner satisfied the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *Id.* at 6 (citing Section 11(c)(1)(D)(i)). Petitioner also avers that she has never received an award or settlement, or filed a civil action, for the injury claimed. *Id.* (citing Ex. 6 at 2). Thus, Respondent concedes that entitlement is compensation is appropriate under the terms of the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master