# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0593V
UNPUBLISHED

| | |
|---|---|
| ANGELA KALAIL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 22, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision based on Proffer;<br>Tetanus-Diphtheria-Acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA). |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On May 12, 2020, Angela Kalail filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine received in her right deltoid on October 31, 2018, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 8, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 19, 2022, Respondent filed a proffer on award of compensation. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $156,150.68 (representing $150,000.00 for actual and projected pain and suffering at net present value, $3,681.45 for past unreimbursed expenses, and $2,469.23 for after-tax net loss of earnings) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ANGELA KALAIL,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 20-593V<br>Chief Special Master Brian H. Corcoran<br>ECF |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 4, 2022, respondent filed his Rule 4(c) Report, recommending that the Court find petitioner entitled to compensation specifically for a shoulder injury related to vaccine administration (SIRVA) and related sequelae, regarding which petitioner is entitled to a presumption of causation under the Vaccine Injury Table. ECF No. 44. The Court found petitioner entitled to compensation accordingly in an August 8, 2022 Ruling on Entitlement. ECF No. 45. Respondent now proffers that petitioner be awarded a lump sum of **$156,150.68**, in the form of a check payable to petitioner, for all damages available pursuant to 42 U.S.C. § 300aa-15(a).[1]  Of this total amount, $150,000.00 represents an award for actual and projected pain and suffering at net present value; $3,681.45 represents an award for past unreimbursed expenses; and $2,469.23 represents an after-tax net loss of earnings. Petitioner is a competent adult, and accordingly, guardianship documentation is not required.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner has reviewed the foregoing and concurs.  Petitioner agrees with the proffered award of **$156,150.68**.[2]

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

Dated: August 19, 2022

---

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).